Delia McSherry
vs.                    No. 3962.
Eugene Peckham, alias

December 31, 1928

CAPOTOSTO, J. In this case the plaintiff recovered a verdict in an action for negligence, which was sustained by the court in denying defendant's motion for a new trial. The defendant, thereupon, duly filed his notice of intention to prosecute a bill of exceptions. While these proceedings were being perfected, the stenographer who took the evidence at the trial, died before she had even started upon the transcript ordered by the defendant. After a considerable length of time, during which various means of securing the defendant a hearing in the appellate court were considered, the plaintiff filed a motion requesting the court to enter judgment for the plaintiff upon the verdict. This is the motion now under consideration.

The problem has been a troublesome one for both attorneys and Court, as this is not the only case in which the same circumstances are involved. Hesitation and doubt has been rampant, until the plaintiff in this case justly took the bold course of demanding a decision in some form or other so that the problem might be started on its way to ultimate solution.

A party, who has been diligent in protecting his rights, should not be deprived of a review of his case by a Court of last resort through circumstances over which he had no control.

The provisions of Chapter 328, General Laws of 1923, "of Court Stenographers" while mandatory in form are, in reality, but regulatory in effect. Its object is to secure an accurate report of proceedings, eliminating as far as possible those misunderstandings of either testimony or rulings of law which might result in unnecessary delay or litigation. The chapter in question provides for the procedure to be followed under ordinary circumstances. It makes no provisions for the unusual. It is silent as to what should happen in case a human emergency should arise over which no one has any control. Suppose, for instance, that an epidemic should disable every available stenographer capable of taking testimony in Court. It is a matter of common knowledge that every stenographer is not competent to discharge the duties of a Court stenographer. The competency of such officials is relative at best and increases with years of study and practice. Can it be said that in the assumed case the Superior Court should cease to function or that a makeshift arrangement should be resorted to by permitting any stenographer to take the testimony? A supposedly accurate report, which is in fact inaccurate, has no greater value than a report of the same proceedings by any other means than through a Court stenographer. A recollection of the substance of the testimony introduced, fairly presented by the parties themselves, is quite often preferable to the disconnected, garbled, and at times, unintelligible transcript of an incompetent Court stenographer. The Court is of the opinion that while the statute indicates the course to be followed under ordinary circumstances, it is by no means exclusive. Where justice requires that certain proceedings be submitted for review to the Supreme Court and no stenographic report is available, the best possible substitute for such report should pre-

serve the rights of the parties in interest.

While it is true that the various steps prescribed to perfect the right to appellate proceedings must be strictly complied with, yet a party who has done everything required of him should not be deprived of his legal right through the unexpected death of an, efficient and conscientious Court stenographer. The mechanics of the case may be seriously disturbed, but the appellant's right to a final authoritative decision still remains.

It is unnecessary to refer at length to the statutory provisions with reference to "Bills of Exceptions." It is to be noted, however, that an aggrieved party is required to "file * * * his bill of exceptions," and, in certain specified cases, "a transcript of the evidence, etc."; that "the Supreme Court may allow amendments to a bill of exceptions or transcript of testimony;" that if the trial justice fails to act for a period of twenty days after a bill of exceptions and transcript have been filed, the cause and all papers therein forthwith shall be certified to the Supreme Court, wherein, * * * "the cause shall be assigned for hearing *on the question of the truth of the exceptions and transcript.*" These provisions impliedly admit that even transcripts taken by presumably competent Court stenographers may be erroneous at times. If the Supreme Court has the power to correct a stenographer's report of the proceedings by establishing the "truth of the exceptions and transcript," may it not establish the truth of the only transcript and bill of exceptions which necessity and human limitations make possible in an emergency? This court is of the opinion that the Supreme Court has such power, whether the statutes in question be ambiguous or silent upon the subject. Where a legal right exists, that right will be protected even though the means for protecting such

right are not indicated or obscure. The right of a litigant, who is in no default himself to have an ultimate decision upon matters which concern his life or property will be safeguarded by a court of last resort, even though the procedure to be followed in an emergency must be left to the sound discretion and conscience of that tribunal.

This court is not unmindful of the fact that the preliminary proceedings for the maintenance of a bill of exceptions must originate and, as far as possible, be completed in the Superior Court. With this idea in mind, it may be suggested that the aggrieved party in this case file with the clerk of the Superior Court what he considers "*his* bill of exceptions" and what, in his opinion, is a substantially correct report of the testimony, whatever its form may be. This done, the trial justice is then in a position to act or to refuse to act thereon. Irrespective of what he may do, however, the case will ultimately reach the Supreme Court for such action as that court shall deem proper.

For the reasons stated, the plaintiff's motion to enter judgment on the verdict is denied. The defendant, however, is directed to take such other and further steps in the perfection of his appellate proceedings as his judgment shall dictate within the time last fixed by this court.

For plaintiff: Sheffield & Harvey.
For defendant: Max Levy.